UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

_____

Hamid Frank Riasati,

     Plaintiff,                            Civil Action
                                            File No. _____

     vs.

Danish Salim and Mohammad Salim,

     Defendants.

_____

**COMPLAINT**

**Summary**

1.     This is a fraudulent transfer action. In the State of Georgia, a civil fraud judgment, including punitive damages, was entered against Defendant Mohammad Salim, (Mohammad Salim), and a company named after his son, and co-defendant, Danish Salim, (Danish Salim). Most of the judgment has not been paid.

2.     To avoid paying the judgment, Mohammad Salim moved to New Mexico. Then he indirectly purchased a home in a Farmington, New Mexico country club neighborhood, arranging for the home's title to be held by his son, Danish Salim, who paid no money to his father for the home. Judgement debtor Mohammad Salim, lives in, and controls, the home. Shortly after the home purchase, Mohammad Salim purchased an empty lot in his neighborhood, had the title placed in his son's name and, last year, sold it.

1

3.     Plaintiff Hamid Frank Riasati, (Frank Riasati), is requesting this Court to
avoid the transfer to Danish Salim, then either place title to the home's deed
into Mr. Riasati's name or allow Mr. Riasati to execute and levy upon the
home. Also, he is asking this Court to impose liability upon Danish Salim in
an amount equal to the empty lot's sales price.

## Parties

4.     Plaintiff Frank Riasati is a resident of, and domiciled in, the State of Georgia.

5.     Defendant Danish Salim is a resident of, and domiciled in, the State of New
Mexico. He resides at 6415 Tear Drop Court, Farmington, San Juan County,
New Mexico.

6.     Defendant Mohammad Salim is a resident of, and domiciled in, the State of
New Mexico. He resides at 6415 Tear Drop Court, Farmington, San Juan
County, Mexico.

## Jurisdiction and Venue

7.     Pursuant to 28 U.S.C. § 1332(a), this Court has diversity jurisdiction. Plaintiff
Frank Riasati is a citizen of, and domiciled in, the State of Georgia. Defendant
Danish Salim is a citizen of, and domiciled in, the State of New Mexico.
Defendant Mohammad Salim is a citizen of, and domiciled in, the State of
New Mexico. Plaintiff Frank Riasati's claim exceeds $75,000.

8.     Pursuant to 28 U.S.C. § 1391(b)(1) and (2), venue is properly laid within this
district because both defendants reside in the district, because a substantial
part of the events and omissions giving rise to the claims occurred in this

district, and because a substantial part of property that is subject of the action
is situated in this district.

**Count 1**
**Intentional Fraudulent Transfer**
**(Uniform Fraudulent Transfer Act - N. M. S. A. 1978, § 56-10-18(A)(1))[1]**
**vs. Defendants Danish Salim and Mohammad Salim**

9.      A civil fraud judgment (including punitive damages) was entered in favor of
Frank Riasati (and others), and against Mohammad Salim and a business
entity he controlled, Danish Group, Inc. It was entered during 2011 in the
case, *Lawrenceville Food Mart, Inc., Hamid Frank R. Riasati and Mohammad H.
Riasati vs. Danish Group, Inc. and Mohammad Salim*, State Court of Gwinnett
County, Georgia, civil action file number 09-C-04096-S5.

10.     When the judgment was entered, Mohammad Salim resided in the State of
Georgia.

11.     This Georgia judgment has been registered in the New Mexico Eleventh
Judicial District Court, San Juan County, New Mexico. A copy is attached as
"Exhibit 1."

12.     To date, most of the judgment has not been paid. The approximate unpaid
balance is $1,551,459. Mohammad Salim refuses to pay this debt.

---

[1] The Uniform Voidable Transactions Act's section 29, N. M. S. A. 1978, § 56-10-29
(A)(2)(a), effective January 1, 2016, states the Act does not apply to "a transfer made
or an obligation incurred before January 1, 2016," and, instead, is governed by the
repealed Uniform Fraudulent Transfer Act. The judgment (obligation) being
enforced in this case was entered against Mohammad Salim before January 1, 2016.
Therefore the Uniform Fraudulent Transfer Act governs the asserted claims.

13. On November 30, 2017, Mohammad Salim indirectly purchased a home in San Juan Country Club Estates, located at 6415 Tear Drop Court, Farmington, New Mexico (Farmington Home).

14. Title to the Farmington Home was held by FUELCO US, LLC, a Delaware corporation, with an address of 8595 Dunwoody Place, Atlanta, Georgia.

15. Mr. Salim was associated or affiliated with FUELCO US, LLC.

16. From at least December 2017 to present, Mohammad Salim and his family have resided in the Farmington Home. He has continuously retained control of the property.

17. Mohammad Salim held, and holds, a beneficial interest in the Farmington Home.

18. Mohammad Salim directed FUELCO US, LLC to quit claim the Farmington Home's title to his son, Danish Salim. A copy of the quit claim deed is attached as "Exhibit 2."

19. The quit claim deed was signed on July 30, 2019. It was recorded with the San Juan County Clerk on August 12, 2019, perfecting Danish Salim's interest in the property and effectuating the transfer.

20. Danish Salim did not give reasonably equivalent value for the Farmington Home transfer.

21. If anyone gave value for the Farmington Home transfer, it was his father, Mohammad Salim.

22. Mohammad Salim did not receive reasonably equivalent value in exchange for the transfer of the Farmington Home to his son, Danish Salim.

23. When the quit claim deed was transferred, and after it was transferred, the title to the Farmington Home was unencumbered. There were no secured creditors.

24. Mohammad Salim arranged for his son, Danish Salim, to hold title to the Farmington Home to hinder, delay, and defraud his creditors, including judgment creditor Frank Risiati.

25. Now, Danish Salim is holding title to the Farmington Home to help his father, Mohammad Salim, hinder, delay, and defraud his creditors, including judgement creditor Frank Riasati.

26. At the time of the transfer, Mohammad Salim, was insolvent.

27. At the time Danish Salim took title to the Farmington Home, he was approximately 23 years of age.

28. The Farmington Home's value, assessed by San Juan County, is approximately $451,000.

**Count 2**
**Constructive Fraudulent Transfer**
**(Uniform Fraudulent Transfer Act - N. M. S. A. 1978, § 56-10-19(A))**
**vs. Defendants Danish Salim and Mohammad Salim**

29. Plaintiff realleges and incorporates by reference the above paragraphs.

30. When the quit claim deed to the Farmington Home was delivered to Danish Salim, his father, Mohammad Salim, did not receive equivalent value for the home.

31. At the time of transfer, Mohammad Salim had not paid the Georgia civil fraud judgment, (Exhibit 1).

32.    He was insolvent.

33.    The transfer occurred after the judgment, (Exhibit 1), was entered against him.

**Count 3**
**Intentional Fraudulent Transfer**
**(Uniform Fraudulent Transfer Act - N. M. S. A. 1978, § 56-10-18(A)(1))**
**vs. Defendants Danish Salim and Mohammad Salim**

34.    Plaintiff realleges and incorporates by reference the above paragraphs.

35.    After the Farmington Home purchase, Mohammad Salim indirectly
       purchased an empty lot in the San Juan Country Club Estates, near the
       Farmington Home. (Empty Lot). Its address is 6409 Tear Drop Court,
       Farmington, New Mexico.

36.    Just as with the Farmington Home purchase, he directed the Empty Lot's title
       to be held by his son, Danish Salim. A copy of the deed is attached as "Exhibit
       3."

37.    Mohammad Salim provided the money to purchase the Empty Lot.

38.    Danish Salim did not pay value to his father, Mohammad Salim, for the title
       to the Empty Lot.

39.    This was an avoidable transfer.

40.    Before and after the transfer, title to the Empty Lot was unencumbered. There
       were no secured creditors.

41.    At the time of the transfer, the Empty Lot's assessed value, determined by San
       Juan County, was approximately $60,000.

42.    During 2021, Danish Salim sold, and transferred title to, the Empty Lot.

Wherefore, Plaintiff Frank Riasati requests this Court to:

a.   Avoid the transfer of the Farmington Home to Danish Salim and reform all records to place title to the property in the name of Frank Riasati; or

b.   Order that Frank Riasati may levy execution on the Farmington Home; plus

c.   Enter judgment against Danish Salim in an amount equal to the value of the Empty Lot at the time he sold and transferred it; and

d.   Any other relief the circumstances may require.

Dated: May 9, 2022

John M. McGovern
U.S. District Court, District of New Mexico Bar ID 22-90
McGovern Law Firm
7000 Miller Court East
Norcross, GA 30071-1454
404.920.8510
404.920.8512 (fax)
jmcgovern@mcgovernfirm.com

**Exhibit 1**

*Judgment*

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT COURT

DISTRICT COURT
SAN JUAN COUNTY NM
FILED

2022 APR 25 PM 1: 21

Hamid Frank Riasati,

       Plaintiff-Judgment Creditor,

       vs.

Danish Group, Inc. and Mohammad Salim,

       Defendants-Judgment Debtors.

Civil Action File No. _____
D-1116-CV-2022-00274.3

## Registration Of Foreign Judgment
## Pursuant To N.M.S.A. 1978 § 39-4A-1 et seq.
## New Mexico Foreign Judgments Act

Plaintiff-Judgment Creditor Hamid Frank Riasati, a resident of the State of Georgia, is registering the attached certified copy of the judgment, (Exhibit 1), in accordance with N.M.S.A. 1978 § 39-4A-3. The certified copy of the judgment is authenticated in accordance with Rule 11-902(1) N.M.R.A. and O.C.G.A. § 24-9-902(1). The Plaintiff-Judgment Debtors' judgment amounts, including unpaid post judgment interest, and credits, are attached as "Exhibit 2."

The judgment to be registered was entered on March 21, 2011 in the State Court of Gwinnett County, Georgia. An O.C.G.A. § 9-12-60(a)(3) notice of enforcement of judgment was entered on March 20, 2018, and is included with the certified copy of the judgment.

The Affidavit of John M. McGovern, Esq., sworn to on April 6, 2022, is filed along with this registration in accordance with N.M.S.A. 1978 § 39-4A-4 A, plus a certificate of service in accordance with N.M.S.A. 1978 § 39-4A-4 B.

Dated: April 18, 2022

John M. McGovern
Georgia Bar No. 492855
McGovern Law Firm
7000 Miller Court East
Norcross, GA 30071-1454
404.920.8510, 404.920.8512 (fax)
jmcgovern@mcgovernfirm.com
Attorney for Plaintiff-Judgment Creditor

**Exhibit 1**

*Judgment*

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

11 MAR 21  PM 5:29

TOM LAWLER, CLERK

LAWRENCEVILLE FOOD MART, INC., )
HAMID FRANK R. RIASATI and )
MOHAMMAD H. RIASATI, )
      Plaintiffs, )
 )
vs. )
 )    CIVIL ACTION
 )    FILE NO. 09-C-04096-S5
DANISH GROUP, INC. and )
MOHAMMAD SALIM, )
      Defendants. )

## JUDGMENT

The above-styled case having come before the Court for a jury trial commencing on March 14, 2011, and the jury having reached its verdict in favor of the plaintiffs LAWRENCEVILLE FOOD MART, INC., HAMID FRANK R. RIASATI and MOHAMMAD H. RIASATI on March 16, 2011, in the sum of $696,628.00 in compensatory damages under Count 1 – Fraud – of Plaintiffs' Third Amended Complaint, against Defendants DANISH GROUP, INC. and MOHAMMAD SALIM; and the jury having reached its verdict in favor of the plaintiffs LAWRENCEVILLE FOOD MART, INC., HAMID FRANK R. RIASATI and MOHAMMAD H. RIASATI in the reduced sum of $250,000.00 in punitive damages under Count 3 of Plaintiffs' Third Amended Complaint against defendant MOHAMMAD SALIM, and in the reduced sum of $250,000.00 in punitive damages against defendant DANISH GROUP, INC.;

IT IS ORDERED and ADJUDGED that the jury's verdicts, dated March 16, 2011, shall be made the judgment of this Court. Plaintiffs LAWRENCEVILLE FOOD MART, INC., HAMID FRANK R. RIASATI and MOHAMMAD H. RIASATI are hereby awarded judgment in the sum of $696,628.00 compensatory damages against defendants DANISH GROUP, INC. and MOHAMMAD SALIM, jointly and severally; additionally plaintiffs LAWRENCEVILLE FOOD MART, INC., HAMID FRANK R. RIASATI and MOHAMMAD H. RIASATI are hereby awarded judgment in the sum of $250,000.00 punitive damages against defendant DANISH GROUP, INC.; and plaintiffs LAWRENCEVILLE FOOD MART, INC., HAMID FRANK R.

Fi Fa Issued_____ 13
Date 6-16-11
By_____

Georgia, Gwinnett County
This is to certify this is a true and correct copy of _Judgment_ as the same appears of record in Gwinnett County Superior/State Court. Given under my official signature and seal of the Court this _23rd_ day of _March_

Deputy Clerk Superior/State Court, Gwinnett County, Georgia

RIASATI and MOHAMMAD H. RIASATI are hereby awarded judgment in the sum of $250,000.00 punitive damages against defendant MOHAMMAD SALIM; all plus court costs and post judgment interest at the legal rate.

**SO ORDERED** this 21 day of March, 2011.

PAMELA D. SOUTH, Judge
State Court of Gwinnett County

Copies:

John M. McGovern
Frank F. Pape
Danish Group, Inc.
Mohammad Salim

**GED**

**BK05059PG0175**

**SUPERIOR COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

Georgia, Gwinnett County
This is to certify this is a true and correct copy
of _____ as the same appears of record
in Gwinnett County Superior Court.
Given under my official signature and seal of
the Court this ___ day of _____
_____
Deputy Clerk Superior Court, Gwinnett County, Georgia

Lawrenceville Food Mart, Inc.,
Hamid Frank R. Riasati and
Mohammad H. Riasati,

Plaintiffs,

vs.

Danish Group, Inc. and
Mohammad Salim,

Defendants.

Civil Action
File No. 09-C-0409-S5

RICHARD ALEXANDER, CLERK
2018 MAR 20 PM 3:48
FILED & RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA.

Rdr

McGovern Law Firm
7000 Miller Ct E
Norcross GA 30071

**Notice Of Plaintiffs Enforcing Execution Of Judgment**
**Pursuant To O.C.G.A. § 9-12-60(a)(3)**

**To Be Recorded On General Execution Docket**
**Cross Reference Fi. Fa. Writs Recorded June 16, 2011**
**In Book 03351, Pages 0035-0036**

1.  Pursuant to O.C.G.A. § 9-12-60(a)(3), Plaintiffs are providing notice of their efforts to execute and enforce a judgment entered against Defendants Danish Group, Inc. and Mohammad Salim.

2.  On March 21, 2011, in the State Court of Gwinnett County (Civil Action File No. 09-C-04096-S5), judgment in the amount of 696,628.00 in compensatory damages and $250,000.00 in punitive damages, for a total of $946,628.00, was entered in favor of Plaintiffs, and against Defendants Danish Group, Inc. and Mohammad Salim, jointly and severally.

3.  On June 16, 2011, a fi. fa. writ was recorded on the Gwinnett Superior Court's general execution docket (Book 03351, Page 0036) in the amount of $696,850.50.

4.  On June 16, 2011, a fi. fa. writ was recorded on the Gwinnett Superior Court's general execution docket (Book 03351, Page 0035) in the amount of $250,222.50.

5.  After entry of judgment, Plaintiffs have made the following efforts to execute and enforce the judgment:

**015349**

13

GED

BK05059PG0176

| Dates | Efforts | Results |
|-------|---------|---------|
| 07/07/2011 | Garnishment Action, State Court Of Gwinnett County, Action No. 11-GC-05998-S4 | Unsatisfied. Numerous banks reported no assets. Defendant Mohammad Salim's wife successfully traversed against execution upon jewelry. 04/01/2013: Plaintiff dismissed Wells Fargo. 04/02/2013: Court released garnishee. |
| 04/23/2014 | Garnishment Action, State Court Of Gwinnett County, Action No. 14GC-01452-6 | Unsatisfied. Branch Banking & Trust Co. reported no assets. |
| 05/31/2016 | Petition To Quiet Title Of Property Located At 711 Blueridge Drive, Forest Park, GA, *Hamid Frank R. Riasati vs. Mohammad Salim, Rubina Salim, And City Of Forest Park*, Clayton County Superior Court Civil Action File No. 2016CV02129-8 | Pending |
| 06/03/2016 | Claim Submitted To Fulton County Sheriff For Excess Funds, Sheriff's Sale # 0516 38915, Tax Sale Of Property Located At 886 Hubbard Street SW, Atlanta, GA | Fulton County Attorney Referred Case To Outside Counsel To File Interpleader Action |
| 11/27/2017 | Filed Answer To Assert Claim To Interpleaded Funds From Tax Sale Of Property Located AT 886 Hubbard Street SW, Atlanta, GA, *Fulton County Sheriff, Theodore Jackson vs. Mohammad Salim, Nadir Khanmohamed, Lawrenceville Food Mart, Inc., Hamid Frank R. Riasati, Mohammad H. Riasati, et al.*, Fulton County Superior Court | Interpleaded Funds Have Not Been Disbursed |

2

GED

BK 0 5 0 5 9 PG 0 l 7 7

| | Civil Action File No.<br>2017CV294786 | |
|---|---|---|

6. Plaintiffs request the Clerk Of The Court to file this notice on the General Execution Docket, in accordance with O.C.G.A. § 9-12-60(a)(3), and cross reference it to the recorded fi. fa. writs recorded on June 16, 2011 In Book 03351, Pages 0035-0036.

Dated: March 20, 2018

*John M. McGovern*

John M. McGovern
Georgia Bar No. 492855
McGovern Law Firm
7000 Miller Court East
Norcross, GA 30071-1454
404.920.8510
404.920.8512 (fax)
jmcgovern@mcgovernfirm.com
*Attorney For Plaintiffs*

3

**Exhibit 2**

---

*Unpaid Post Judgment Principal, Interest & Credits*

| Interest Calculation Dates | | | Judgment Amount | Daily Interest | Annual Interest 6.25% | Days Between Dates | Accrued Interest | Accrued Interest + Principal |
|---|---|---|---|---|---|---|---|---|
| Judgment Date | 3/21/11 | Compensatory $ | 696,628.00 | | | | | |
| Today's Date | 4/18/22 | Punitive (Capped) $ | 250,000.00 | | | | | |
| | | $ | 946,628.00 | $ 162.09 | $ 59,164.25 | 4,046.00 | $ 655,831.66 | $ 1,602,459.66 |

Prime Rate: 3.25% on day of judgment.
OCGA § 7-4-12 (Post Judgment Interest Rate): Prime Rate (3.25%) + (3.0%) = 6.25%/Year

**Payments**

11/03/2015. $25,000. Sale of 1983 Thomasville Estates Drive, Atlanta, GA.
09/3/2019.  $26,000. Sheriff sale of 711 Blueridge Drive, Forest Park, GA.

**Exhibit 2**

---

*Quit Claim Deed (Farmington Home) To Defendant Danish Salim*

WHEN RECORDED, RETURN TO:

Danish Salim
6415 Tear Drop Court
Farmington NM, 87402



201907640    08/12/2019 02:29 PM
1 of 3    B1646 P808 $25.00
San Juan County, NM  TANYA SHELBY



AHD

---

SPACE ABOVE THIS LINE FOR RECORDER'S USE

### QUITCLAIM DEED

FUELCO US, LLC, a Delaware limited liability company, with an address of 8595 Dunwoody Place, Atlanta, Georgia 30350 ("**Grantor**") for Ten Dollars and other valuable consideration, does hereby grant, bargain, sell and convey unto Danish Salim, with an address of 6415 Tear Drop Court, Farmington NM 87402 ("**Grantee**"), without warranty, that certain real property legally described on **EXHIBIT A** attached hereto and incorporated herein by reference, and any and all improvements thereon and appurtenances thereto (the "**Property**"), subject to all taxes, assessments and any other liens arising therefrom, all reservations in patents, deed restrictions, if any, all easements, rights of way, covenants, conditions, restrictions, encroachments, liens, encumbrances, obligations and liabilities, and all other matters that can be determined by a visual inspection or a complete and accurate survey of the Property would disclose.

TO HAVE AND TO HOLD the said Property above bargained and described with the appurtenances, unto said Grantee, Grantee's heirs, successors and assigns forever.

*[BALANCE OF PAGE INTENTIONALLY BLANK; SIGNATURES ON FOLLOWING PAGE]*

1

IN WITNESS WHEREOF, Grantor has executed this Quit Claim Deed as of July 30, 2019.

**FUELCO US, LLC,**
a Delaware limited liability company

By: _____
Name: _Mark E. Stowers_____
Title: _Manager_____

STATE OF _Georgia_     )
                       ) SS.
COUNTY OF _Fulton_     )

The foregoing instrument was acknowledged before me this 30 day of July 2019, by Mark E. Stowers as a Manager of FUELCO US, LLC, a Delaware limited liability company, on behalf of the company.  He is personally known to me or has produced a driver's license as identification.

_____
Notary Public
Print Name: _ROSALIE ERWIN PARKEY_

My Commission Expires: _Aug 15, 2021_

201907640    08/12/2019 02:29 PM
2 of 3       B1646 P808
San Juan County, NM  TANYA SHELBY

2

## EXHIBIT A

**Address:**
6415 Tear Drop Court
Farmington NM, 87402

legal Description

San Juan Country Club Estates
Phase 2 No. 2 lot 121 Bk. 1624
P.G 441

201907640    08/12/2019 02:29 PM
3 of 3        B1646 P808
San Juan County, NM TANYA SHELBY

3

**Exhibit 3**

---

*Warranty Deed (Empty Lot) To Defendant Danish Salim*



144389

# WARRANTY DEED

Brian Hesser and Maurice Hesser, husband and wife, for consideration paid, grant to Danish Salim, an unmarried man whose address is:

_6415 Tear Drop Court Farmington, NM 87402_

the following described real estate in San Juan County, New Mexico:

Unit/Lot 120, of SAN JUAN COUNTRY CLUB ESTATES, PHASE II, NUMBER TWO, in the City of Farmington, New Mexico, according to the Plat thereof filed for record on August 9, 2005, Map File No. G-81, as established by the Declaration of San Juan Country Club Estates recorded in Book 936, page 45 and in Book 936, page 387 and the Second Amended and Supplement Declaration of San Juan Country Club Estates, as recorded in Book 1374, page 960 and re-recorded in Book 1385, page 280 of the Records of San Juan County, New Mexico.

SUBJECT TO taxes for the year 2019 and thereafter; mineral reservations and/or conveyances heretofore made; and any and all easements and servitudes, public or private, of whatsoever kind or nature, in existence at the date hereof;

with warranty covenants.

WITNESS our hands and seals this _7th_ day of May, 2019.

_____          _____
Brian Hesser                             Maurice Hesser


ACKNOWLEDGMENT FOR NATURAL PERSONS

STATE OF _NM_          }
                       } SS.
COUNTY OF _Dona Ana_   }

This instrument was acknowledged before me this _7th_ day of May, 2019, by Brian Hesser and Maurice Hesser, husband and wife.

My commission expires: _8/17/2019_          _____
                                            Notary Public

OFFICIAL SEAL
ELENA NEVAREZ
Notary Public
State of New Mexico
My Commission Expires _8/17/2019_

201904617   05/20/2019 09:26 AM
1 of 1    B1643 P831   $25.00
San Juan County, NM  TANYA SHELBY

SAN JUAN COUNTY
COUNTY CLERK
STATE OF NEW MEXICO

CAM